UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     § | |
|    Plaintiff,     § | |
| § | |
| v.     § | CRIMINAL NO. 6:14-86 |
| § | |
| DAVID EDWARD ZELINGER,     § | |
|    Defendant.     § | |

**MEMORANDUM OPINION AND ORDER**

David Edward Zelinger ("Defendant") is charged with possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Now pending before the Court is Defendant's Motion to Suppress (D.E. 11), whereby he moves to suppress evidence of the narcotics found in his vehicle as well as any incriminating statements he may have made following the discovery of the narcotics.

**I.     Background**

Evidentiary hearings on Defendant's motion were held on February 4, 2015 and April 8, 2015, during which Texas Department of Public Safety (DPS) Trooper Dustin Slovacek testified. According to Trooper Slovacek's testimony, on June 22, 2014, Defendant was involved in a two-car auto accident. Upon arriving at the scene of the accident, Trooper Slovacek first assisted medical personnel in placing Defendant on a stretcher. Once Defendant was inside an ambulance, Trooper Slovacek spoke with him about the accident, and Defendant admitted to consuming two beers earlier in the day.

1

Per DPS policy, Trooper Slovacek conducted an inventory of Defendant's vehicle. Defendant's keys were in the ignition, which Trooper Slovacek used to unlock the trunk. When he opened the trunk, he immediately observed a Ruger handgun lying loose in the trunk with a fully-loaded magazine. He also observed a black Pelican gun case in the trunk. The left side of the case was locked with a padlock, but the hasp on the top right side of the case was broken and not held securely. Additionally, the top right side of the case was cracked and loose enough that he was able to slightly open the case and observe several baggies inside, which he believed to be narcotics. He then used a key—which was on the same key ring with the trunk key—to open the case. Trooper Slovacek concluded that the baggies inside the case contained methamphetamine, cocaine, crack cocaine, and hydrocodone, and he sent them to a lab for testing.

Defendant now moves to suppress the narcotics discovered in his vehicle because they were obtained in violation of his Fourth Amendment right against unreasonable searches. Specifically, Defendant argues that Trooper Slovacek's opening of the locked gun case exceeded that which is allowed to be conducted during an inventory search of an impounded vehicle, and Trooper Slovacek failed to follow DPS's prescribed protocol when he inventoried the vehicle's contents. Defendant further moves to suppress any incriminating statements he may have made following the discovery of the narcotics.

**II.      Legal Standard**

The Fourth Amendment protects against unreasonable search and seizures. U.S. Const. amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically delineated exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). An inventory search is one such exception.

*Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *United States v. Foots*, 340 Fed. App'x 973 (5th Cir. 2009). The Fifth Circuit has held that an inventory search "is reasonable and not violative of the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or dispute over lost or stolen property, and (3) protecting the police from danger." *United States v. McKinnon*, 681 F.3d 203, 209 (5th Cir. 2012). The procedures "must sufficiently limit the discretion of law enforcement officers to prevent inventory searches from becoming evidentiary searches." *Id.* at 209–10 (citing *United States v. Andrews*, 22 F.3d 1328, 1336 (5th Cir. 1994)).

Law enforcement officers may inspect a car's trunk when conducting inventory searches because personal property is commonly kept there. *United States v. Edwards*, 577 F.2d 883, 894 (5th Cir. 1978) (en banc). With respect to the opening of closed containers, the United States Supreme Court has held:

> A police officer may be allowed sufficient latitude to determine whether a particular container should or should not be opened in light of the nature of the search and characteristics of the container itself. Thus, while policies of opening all containers or of opening no containers are unquestionably permissible, it would be equally permissible, for example, to allow the opening of closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors. The allowance of the exercise of judgment based on concerns related to the purposes of an inventory search does not violate the Fourth Amendment.

*Florida v. Wells*, 495 U.S. 1, 4 (1990) (suppressing evidence of marijuana found in locked suitcase inside the trunk of defendant's car because "the Florida Highway Patrol had no policy whatever with respect to the opening of closed containers encountered during an inventory search"). *See also Texas v. Molder*, 337 S.W.3d 403, (Tex. App.—Ft. Worth 2011) (trooper was not authorized to open cloth bag discovered in defendant's vehicle during inventory search

incident to arrest absent showing of a specific departmental policy allowing for such search and seizure); *c.f. Rothenberg v. State*, 176 S.W.3d 53, 57–61 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (police may open a closed or even locked container as part of an inventory of an automobile as long as the inventory is conducted in good faith pursuant to standard police procedure).

"[T]estimony regarding reliance on standardized procedures is sufficient, *see United States v. Como*, 53 F.3d 87, 92 (5th Cir. 1995), as is an officer's unrebutted testimony that he acted in accordance with standard inventory procedures." *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999) (citing *United States v. Bullock,* 71 F.3d 171, 178 (5th Cir. 1995)); *see also United States v. Skillern*, 947 F.2d 1268, 1275 (5th Cir. 1991) (The general legality of an inventory is not contingent on whether the inventory policy is written.).

### III. Analysis

The Government presented evidence that the Texas DPS Property Inventory Procedures require as follows:

> Inventory required. All property which comes into the care, custody or control of an officer of the department will be inventoried as soon as practicable and a written record of the results of the inventory made on the prescribed form.
>
> Operational procedure. When it becomes necessary to assume the responsibility for property belonging to another, department officers will, as soon as practicable and without undue delay, inventory that property and record the results on the prescribed inventory form.

37 TEX. ADMIN. CODE § 3.56(b)-(c). The Texas Highway Patrol Procedures Manual further provides:

> When a closed container is found in the course of an inventory, the container shall be opened, if it can be opened without damaging the container, and the contents shall be recorded on the HQ-109. If the container must be damaged to be opened, it will only be opened with the consent of the owner. If the owner does not

4

> consent, a notation shall be made on the HQ-109 that the container was not opened and the reason why.

TEXAS HIGHWAY PATROL PROCEDURES MANUAL, Section 04.21.00, *Property Inventory Procedures*, 21.05 Policy, Subsection 2 (Gov't Ex. 15). Finally, the DPS General Manual provides:

> In the case of a closed container (briefcase, suitcase, shipping crate, etc.) or a closed compartment of a vehicle (trunk, glove box, console, camper, etc.), the container or compartment will be opened, inventoried, and the contents noted on the HQ-109. (a) An exception to this policy is a container that cannot be opened without using force that results in physical damage to the container that is significant and permanent because, for example, a key, combination, or appropriate opening tool is not available . . . .

DPS GENERAL MANUAL, Section 01.24.00.00, *Handling and Disposition of Entrusted Properties*, 05.02 Policy, Subsection 2 (Gov't Ex. 16).

According to the Government, because DPS policy mandated that Trooper Slovacek attempt to open the case, and he was able to open the case with a key without causing any damage, the inventory search was reasonable under the Fourth Amendment. *See Heitman v. State* 776 S.W.2d 324, 325 (Tex. App. – Fort Worth 1989), *rev'd on other grounds*, 815 S.W.2d 681 (Tex. Crim. App. 1991), ("We find that because the inventory search of Heitman's [half-locked and half-unlocked] briefcase was mandated by departmental policy that required the search of all closed containers in impounded vehicles, and because there is no showing or contention of bad faith on the part of the police, the trial court did not err in overruling Heitman's motion to suppress . . . ."). Defendant points out that Trooper Slovacek failed to inventory and safeguard all property taken into his custody as was also required by DPS's standardized procedures, including a power drill and the padlock on the gun case. According to Defendant, this deviation excludes the entire search from the inventory search exception to the warrant requirement under the

Fourth Amendment, as the search failed to meet the first or second prongs of *McKinnon*: protecting Defendant's property or protecting DPS against claims over lost property. *See McKinnon*, 681 F.3d at 209. Defendant further argues that Trooper Slovacek suspected Defendant of driving while intoxicated, and this was the real purpose of the search—not to inventory and protect Defendant's property.

In *United States v. Shaw*, the Fifth Circuit upheld a vehicle inventory search despite officers' failure to include an iPad and seven rounds of ammunition on the inventory search worksheet, use of the wrong officer's name on the impound sheet, and conducting of two separate inventory searches, finding that "any deviations from standard operating procedure were arguable and minor." 578 Fed. App'x 363, 366 (5th Cir. 2014) (designated unpublished); *see also United States v. Hockenberry*, 730 F.3d 645, 660–61 (6th Cir. 2013) (affirming district court's denial of motion to suppress, even though "officers did not inventory all items within the vehicle . . . despite the policy instruction to list all items of value"); *United States v. Peterson*, 2011 WL 1485401, *4 (N.D. Tex. Apr. 19, 2011) (denying motion to suppress firearm, finding that officer's "failure to note the seizure of the firearm on the impoundment form did not transform a constitutionally permissible inventory search into a Fourth Amendment violation"). Moreover, "although inventory searches 'may not be undertaken for the purposes of investigation, . . . the mere fact that an officer suspects that contraband may be found in a vehicle does not invalidate an otherwise proper inventory search.'" *Hockenberry*, 730 F.3d at 659 (quoting *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (alterations in *Hockenberry*); *see also United States v. Garner*, 181 F.3d 988, 991 (8th Cir. 1999) ("The presence of an investigative motive does not invalidate an otherwise valid inventory search."). "Officers performing a lawful inventory search 'may keep their eyes open for potentially incriminating

items that they might discover in the course of an inventory search, as long as their sole purpose is not to investigate a crime.'" *United States v. Garreau*, 658 F.3d 854, 858 (8th Cir. 2011) (quoting *United States v. Kennedy*, 427 F.3d 1136, 1144 (8th Cir. 2005)).

Here, Trooper Slovacek testified that he was aware that the accident may have been caused because Defendant was intoxicated, and that there was a possibility that there could be drugs in Defendant's vehicle. Tr. 4/8/2015, D.E. 33 at 13:20-22, 14:15-16. However, he also stated repeatedly that the purpose of the search was to take an inventory, not to search for evidence. *Id.* at 13:1-3; 14:7-9; 14:16-17. He further explained that the reason certain items were missing from the inventory was that he initially logged the items on a notepad, and "somewhere between going from the notepad to the computer, I must have not put it on there." *Id.* at 14:25–15:4.

The Court finds Trooper Slovacek's testimony regarding the purpose of the search to be credible and further finds that, to the extent he failed to list certain items on the prescribed inventory form, such deviations "were arguable and minor." *See Shaw*, 578 Fed. App'x at 366. Accordingly, his search of Defendant's vehicle, including the Pelican gun case inside its trunk, fell within the inventory search exception to the warrant requirement under the Fourth Amendment and was valid.

## V. Conclusion

For the reasons set forth above, Defendant's Motion to Suppress (D.E. 11) is **DENIED**.

It is so **ORDERED** this 14th day of July, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE